UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY VANDIVER,

          Plaintiff,

Case No. 1:06-cv-547

Hon. Gordon J. Quist

vs.

CORRECTIONAL MEDICAL
SERVICES, INC., *et al.*,

          Defendants.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff has filed a § 1983 civil rights action against defendants. This matter is now before the court on plaintiff's emergency motion for temporary restraining order ("TRO") (docket no. 54).

In his motion, plaintiff states that on March 16, 2007, he was transferred from the Gus Harrison Correctional Facility in Adrian, Michigan ("Gus Harrison"), to the Saginaw Correctional Facility in Freeland, Michigan ("Saginaw"). Plaintiff further states that he is a diabetic, that Saginaw does not provide him with an adequate diabetic diet, and that this transfer has posed a substantial risk to his health and safety. Although plaintiff does not explicitly state the nature of his requested relief, it appears that he desires a transfer back to Gus Harrison, which provides him with an adequate diabetic diet.

Records at both this court and the Michigan Department of Corrections indicate that plaintiff is not housed at Saginaw. Rather, plaintiff is currently housed at Gus Harrison, and filed documents in this court which reflect that he has been at Gus Harrison since at least April 12, 2007. *See* docket nos. 57, 58, 59; Offender Tracking Information System (OTIS) at www.state.mi.us/mdoc.

"[A] case is moot when the issues presented are no longer 'live.'" *Powell v. McCormack*, 395 U.S. 486, 496 (1969). "In other words, [i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give meaningful relief, then the case is moot and must be dismissed") *Ailor v. City of Maynardville, Tennessee*, 368 F.3d 587, 596 (6th Cir. 2004) (internal quotation marks omitted).

Here, plaintiff's transfer back to Gus Harrison has afforded him the relief he seeks and renders the motion for a TRO moot. Accordingly, I respectfully recommend that plaintiff's motion for TRO (docket no. 54) be **DENIED**.


Dated: May 21, 2007                          /s/ Hugh W. Brenneman, Jr.
                                             Hugh W. Brenneman, Jr.
                                             United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).