UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY VANDIVER,

        Plaintiff,

vs.

CORRECTIONAL MEDICAL
SERVICES, INC., *et al*,

        Defendants.
                               /

Case No. 1:06-cv-547

Hon. Robert J. Jonker

**ORDER**

This is a civil rights action brought by a state prisoner. This matter is now before the court on plaintiff's motion for leave to file an amended complaint (docket no. 44). Plaintiff's complaint includes a claim under the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. Plaintiff seeks to add two new defendants, the State of Michigan and the Michigan Department of Corrections ("MDOC"), which he identifies as the appropriate "public entity" defendants under the ADA. Plaintiff's amended complaint would significantly expand the present suit, by incorporating claims raised in two new grievances, adding the State of Michigan and the MDOC as defendants, modifying over 30 paragraphs of allegations and requesting monetary damages and injunctive relief from the governmental defendants.

Fed. R. Civ. P. 15(a) provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Otherwise, a party may amend a pleading only upon leave of court, which "shall be freely given when justice so requires." "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for

dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995).

Plaintiff commenced this suit by filing a 310-page pleading in the Eastern District. *See Van Diver v. Correctional Medical Services, Inc., et al.*, 4:06-cv-13304 (E.D. Mich.). Although this pleading included documents identified as a "complaint" and an "amended complaint" (both dated July 12, 2006), the Eastern District docketed the entire pleading as the "complaint." *Id.* Accordingly, this court will view the entire 310-page document as plaintiff's original complaint for purposes of Rule 15(a). Defendants have not filed a responsive pleading in this matter. Under such circumstances, Rule 15(a) would generally permit plaintiff to amend his pleading once as a matter of course. *See* Rule 15(a); *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003). However, this general rule does not apply in this case, because plaintiff seeks to add new defendants. "Although Rule 15(a) generally permits the plaintiff to amend his complaint once as a matter of course before a responsive pleading is served, here, the plaintiff's requested amendment required leave from the court because it sought to assert claims against additional defendants." *Moore v. State of Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993).

After reviewing the record, the court concludes that justice does not require the proposed amendments because it would result in an undue delay or prejudice to the current three defendants, Correctional Medical Services, Inc., Craig Hutchinson and Mark West. Plaintiff filed suit against these three defendants in the Eastern District in July 2006. Since that date, the case was transferred to this district, where the parties have actively litigated a number of issues. The docket sheet reflects that that the parties have filed 12 motions, including an emergency motion for temporary restraining order and two dispositive motions. The undersigned submitted a report and

recommendation, recommending dismissal of plaintiff's complaint for failure to exhaust administrative remedies. *See* Report and Recommendation (August 13, 2007). Plaintiff's motion to amend does not cure this defect. Rather, plaintiff's proposed amendments seek to expand the pending litigation to include two new governmental defendants, based upon two additional grievances (Grievance JCF 2006 08 1461 12D3 and Grievance 198106). The court notes that the two underlying incidents giving rise to these new claims did not occur until <u>after</u> plaintiff filed the present suit: Grievance JCF 2006 08 1461 12D3 arose from an incident occurring on August 17, 2006, while Grievance 198106 arose from an incident occurring on October 15, 2006.

Plaintiff's attempt to expand and prolong this litigation by adding new governmental defendants will prejudice the three original defendants, who have been actively defending this lawsuit for more than one year. Furthermore, plaintiff is not prejudiced because he can file a separate complaint asserting these new claims against the State of Michigan and the MDOC. *See, e.g., Lyle v. Jackson*, 49 Fed. Appx. 492, 493 (6th Cir. 2002) (allowing the plaintiff's amendments to add new claims against new defendants would prejudice the original defendants where the new claims "would have prolonged the proceedings without any prospect of ever resolving all of [plaintiff's] complaints," and the plaintiff was not prejudiced "as he could file separate complaints raising his new claims").

Accordingly, plaintiff's motion for leave to file an amended complaint (docket no. 44) is **DENIED**.

Dated:  September 20, 2007  /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge