UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY VANDIVER,

       Plaintiff,                       Case No.  1:06-CV-547

v.                                        HON. ROBERT J. JONKER

CORRECTIONAL MEDICAL
SERVICES et al.,

       Defendants.
_____/

**<u>ORDER</u>**

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation (docket # 66), filed on August 13, 2007.  Plaintiff filed his Objection to the Report and Recommendation (docket # 69) on September 7, 2007.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997).  Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify

>   the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed R. Civ. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

Plaintiff makes multiple objections to the Report and Recommendation. He first argues that, contrary to the conclusion in the Report and Recommendation, each of his four grievances, filed between September, 2005, and November, 2006, were properly exhausted. Plaintiff next argues that Magistrate Judge Brenneman improperly failed to consider his motion to amend his complaint, failed to apply the change in law initiated by *Jones v. Bock*, 127 S. Ct. 910 (2007), and failed to address his argument that his 2001 grievance was properly exhausted. The Court has reviewed de novo the claims and evidence presented to Magistrate Judge Brenneman; the Report and Recommendation itself; Plaintiff's objections; and Defendants' response to Plaintiff's Objections (docket # 72).[1] After its review, the Court finds that Magistrate Judge Brenneman's recommendation is factually sound and legally correct. None of Plaintiff's objections has merit.

---

[1] Plaintiff has filed a motion to strike Defendants' response because he claims he did not receive a copy (docket # 78). The record contains a proof of service reciting service by mail on persons like Plaintiff who do not participate in the Court's electronic filing system (docket # 72). In any event Plaintiff's motion to strike does not affect this Order because Defendants' response does not serve as the basis for this Court's decision. Accordingly, Plaintiff's motion (docket # 78) is dismissed as moot.

**I. Exhaustion of Plaintiff's 2005 and 2006 Grievances**

As required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), a prisoner, like Plaintiff, who brings an action under 42 U.S.C. § 1983 must properly exhaust available administrative remedies. *Woodford v. Ngo*, 126 S. Ct. 2378, 2387 (2006). Proper exhaustion requires compliance with applicable agency process. *Id.* at 2386.

The MDOC makes a three-step grievance process available to prisoners. MDOC Policy Directive 03.02.130. Before submitting a grievance under step I of the available grievance process, a grievant must attempt to resolve the issue within two business days after becoming aware of it. *Id.* ¶ R. Within five business days of attempting to resolve the issue, and if the issue is not resolved, the grievant may submit a step I grievance. *Id.* ¶ R, X. The MDOC may reject a step I grievance if it is vague, illegible, contains multiple unrelated issues, or raises issues that are duplicative of issues raised in another grievance. *Id.* ¶ G. It may also reject a step I grievance if the grievant did not attempt to resolve the issue prior to filing the step I grievance. *Id.* And it may reject a step I grievance if it is untimely filed. *Id.* Whether the MDOC rejects the step I grievance or considers it on its merits, the MDOC must respond to the step I grievance within 15 business days. *Id.* ¶ Y. If it does not timely respond or if the grievant is dissatisfied with the MDOC's response, then the grievant may file a step II grievance. *Id.* ¶ DD. If the grievant files a step II grievance, then the MDOC must respond within 15 days. *Id.* ¶ EE. If the grievant is

dissatisfied with the MDOC's response at step II, then the grivant may file a step III grievance. *Id.* ¶ HH.

In this case, Magistrate Judge Brenneman found that Plaintiff did not properly exhaust available administrative remedies. This Court agrees that Plaintiff did not properly exhaust his available administrative remedies.

### A. The CMS/Hutchinson Grievances

Plaintiff filed two grievances against Defendants CMS and Hutchinson: Grievance URF 0509 1880 12I (September 23, 2005) and Grievance URF 0602 0437 12I (February 20, 2006). Defendants moved to dismiss the claims brought under these grievances for failure to properly exhaust, and the Magistrate Judge properly concluded that dismissal is warranted.

### *Grievance URF 0509 1880 12I (September 23, 2005)*

This grievance arises out of alleged failures to treat Plaintiff's medical condition beginning in February, 2001. Plaintiff's objection states that this grievance was properly exhausted because he did not know about the involvement of Defendants Hutchinson or CMS until September 22, 2005. Plaintiff's own papers and the public record belie this claim. First, Plaintiff undeniably knew about CMS's involvement before September 22, 2005, because he filed a nearly identical claim against CMS, and other Defendants, in the Eastern District of Michigan on February 27, 2003. *Vandiver v. Martin*, 304 F. Supp. 2d 934, 943 (2004). Second, Plaintiff clearly knew of Dr. Hutchinson's identity and

4

involvement in Plaintiff's medical treatment before September 22, 2005, because the grievance refers to Dr. Hutchinson as Plaintiff's treating physician and describes Dr. Hutchinson as being involved in Plaintiff's medical care prior to Plaintiff's submission of the grievance in September, 2005.

In general, when considering Defendants' motion to dismiss, the Court must take the facts as alleged in Plaintiff's complaint and make all permissible inferences in favor of Plaintiff, but the Court need not accept patently false factual allegations. *See Wright v. Kellough*, No. 98-3801, 1999 U.S. App. LEXIS 29695, at *2–*5 (6th Cir. Nov. 8, 1999); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *Richards v. Duke Univ.*, 480 F. Supp. 2d 222, 232 (D.D.C. 2007) (citing *Carone-Ferdinand v. CIA*, 121 F. Supp. 2d 232, 232–35 (D.D.C. 2001)); *Georgia-Pacific Corp. v. First Wis. Fin. Corp.*, 625 F. Supp. 108, 118 (N.D. Ill. 1985). When it appears from the complaint and its attachments that a plaintiff has not properly exhausted a claim, dismissal is appropriate. *See Jones v. Bock*, 127 S. Ct. 910, 921 (2007) ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense . . . appears on its face." (quoting *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001))). Plaintiff's objection that he did not know about the involvement of Defendants Hutchinson and CMS until September 22, 2005, is patently and incontrovertibly false and need not be accepted by this Court in considering Defendants' motion. Thus, it appears from the complaint and its attachments that Plaintiff has not properly exhausted his claim, and dismissal is appropriate.

### *Grievance URF 0602 0437 12I (February 20, 2006)*

This grievance is essentially a repackaged version of the previous grievance. Plaintiff's objection states that this grievance was properly exhausted because he did not know of Defendants' involvement until September 22, 2005, and because the grievance was not vague or duplicative of his earlier grievance. As discussed above, however, Plaintiff clearly knew of Defendants' involvement before September 22, 2005. Moreover, as explained in the step III response and the Report and Recommendation, this grievance is duplicative of Grievance URF 0509 1880 12I. Plaintiff attempts to distinguish the grievances by arguing that this grievance deals with Defendants' ongoing execution and implementation of a cost-cutting policy while URF 0509 1880 12I deals with Hutchinson's specific actions in implementing the policy. Plaintiff's argument is specious. It is apparent from the pleadings that the two grievances are clearly duplicative: they arise out of the same incident, and lodge essentially identical complaints.

**B. The West Grievances**

Defendant also filed two grievances against Defendant West: Grievance URF 0601 0438 12H (February 20, 2006) and Grievance URF 0602 0476 12I (February 26, 2006). Defendant West moved for summary judgment on the claims brought under these grievances for failure to exhaust, and the Magistrate Judge properly concluded that summary judgment is warranted.

### *Grievance URF 0601 0438 12H (February 20, 2006)*

To establish proper exhaustion, Plaintiff must establish that he attempted to informally resolve his dispute before filing a step I grievance. The Report and Recommendation concludes that Plaintiff failed to do so. Plaintiff's objection states that this grievance was properly exhausted because he timely attempted to resolve the issue before filing and because, contrary to the conclusion of the Report and Recommendation, he did not specify the incident date as February 15, 2006. Plaintiff's assertions are palpably incredible. No reasonable juror could believe them based on this record. The grievance clearly and unambiguously indicates the incident date as February 15, 2006. Plaintiff's argument that he attempted to resolve the incident sometime between January 15, 2006 and February 15, 2006 is therefore impossible. He could not have attempted to resolve the issue before it occurred. The only date on which he could have attempted to resolve the issue would have been the incident date of February 15, 2006. Yet, as explained in the step I response, Defendant West was not on duty on February 15, 2006. The only possible conclusion that can be drawn is that neither the alleged incident nor the attempted resolution could have occurred as alleged by Plaintiff. As explained in the Report and Recommendation, this grievance was appropriately rejected because it (1) provided a false incident date, and (2) was not preceded by a legitimate attempt to resolve the issue.

### *Grievance URF 0602 0476 12I (February 26, 2006)*

Plaintiff's objection states that this grievance was properly exhausted because (1) it involves an ongoing, continuing violation; (2) it is not duplicative; and (3) Plaintiff did, in fact, have medical visits on February 19 and 24.  Plaintiff's objection, however, does not address the actual reason that his grievance was rejected: namely, because it was vague and addressed multiple and unrelated issues.  He argues that his grievance involves an ongoing and continuing implementation of a policy, but he does not explain why that cures his grievance of vagueness.  And, in fact, it does not.  Moreover, the grievance on its face alleges at least these unrelated issues: (1) that Plaintiff suffered pain from his partial amputation; (2) that Plaintiff was not receiving proper medical care generally, including specifically a diabetic diet; (3) that Plaintiff did not get a flu shot.  The grievance was vague and obviously raised multiple, unrelated issues.

## II.  Plaintiff's Motion to Amend His Complaint

Plaintiff objects that Magistrate Judge Brenneman improperly failed to consider his motion to amend his complaint.  The record belies this claim.  In fact, Magistrate Judge Brenneman considered and denied Plaintiff's motion to amend in a separate order (docket # 70).  Plaintiff failed to file timely objections to this order.  Accordingly, Plaintiff waived his opportunity to object.  Moreover, the untimely objections Plaintiff filed (docket # 73) fail to establish that the Magistrate's order was clearly erroneous or contrary to law.

**III.** *Jones v. Bock*

Plaintiff next objects that Magistrate Judge Brenneman failed to apply the change in law initiated by *Jones v. Bock*, 127 S. Ct. 910 (2007). *Jones v. Bock* does not change the result in this case. *Jones* held, among other things, that a plaintiff need not name every defendant in a grievance to properly exhaust claims with respect to unnamed defendants. *Jones*, 127 S. Ct. at 922 ("[N]othing in the [PLRA] imposes a 'name all defendants' requirement . . . ."). It did not hold, however, that a plaintiff may establish proper exhaustion against an unnamed defendant simply by pointing to an earlier grievance specifically naming a different defendant. The purposes of exhaustion must still be served. *Id.* at 923 ("We have identified the benefits of exhaustion to include allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record.").

*Jones* could possibly affect the result in this case only if Plaintiff had generally grieved CMS or an "unknown party" in his 2001 grievance. But Plaintiff did not generally grieve CMS or an "unknown party." Instead he specifically grieved two parties, neither of whom was CMS or Hutchinson. *Vandiver*, 304 F. Supp. 2d at 944 ("Plaintiff consistently grieves the conduct of Defendants Debruyn and King throughout his description of his complaints. Plaintiff makes no mention of Correctional Medical Services . . . . The grievance does not indicate CMS as a party who caused his injuries and against whom

9

Plaintiff *presently* seeks to recover."). When a grievance specifically names parties it puts only those parties on notice of a claim against them, and it does not serve the same notice function that a general grievance would. In fact, it has the effect of suggesting that because only specific parties were named no other parties need worry about claims against them. Plaintiff's 2001 grievance specifically named two parties, and in so doing it failed to put Defendants CMS and Hutchinson on notice of a grievance against them.

Moreover, Plaintiff's 2001 grievance did not alert MDOC officials to the alleged problem that Plaintiff now seeks to address. The fundamental failing of Plaintiff's 2001 grievance is that it did not give the MDOC sufficient notice to address and resolve the claim that Plaintiff now brings against Hutchinson and CMS. Plaintiff's grievance alleged that two officers were deliberately indifferent to his medical needs. This, no doubt, alerted officials to a potential problem regarding the appropriateness of officers' attention to prisoners' medical needs. But it did not alert them to an alleged problem with the medical care provided by CMS and Dr. Hutchinson. The grievance thus failed to serve the "primary purpose of a grievance," which is "to alert prison officials to a problem." *Jones*, 127 S. Ct. at 923 (quoting *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004).

### IV. Exhaustion of the 2001 Grievances

In 2003, Plaintiff filed an action in the Eastern District of Michigan. He alleged a claim arising out of a grievance he filed in 2001. The Eastern District of Michigan dismissed that action for failure to exhaust. Plaintiff argues that the Eastern District of

Michigan's dismissal without prejudice gives him the right to initiate a new action in this Court based on his 2001 grievance. A dismissal without prejudice, however, does not afford Plaintiff that right. The Eastern District of Michigan's dismissal did not turn Plaintiff's unexhausted grievance into an exhausted one; and did not require the MDOC to hear an unexhausted grievance. Instead, it merely provided Plaintiff with the opportunity to properly exhaust *if possible*. *See Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *Pozo v. McCaughtry*, 286 F.3d 1022 (7th Cir. 2002); *McCoy v. Gilbert*, 270 F.3d 503, 508 (7th Cir. 2001); *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995); *see also Harper v. Jenkin*, 179 F.3d 1311 (11th Cir. 1999) (per curiam); *cf. O'Sullivan v. Boerckel*, 526 U.S. 838, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) ("Dismissal for failure to exhaust is without prejudice and so does not bar the reinstatement of the suit *unless it is too late to exhaust*, as otherwise 'a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one.'" (emphasis added)). Plaintiff was unable to take advantage of the opportunity afforded him by the dismissal without prejudice. Accordingly, nothing has changed that would permit Plaintiff to bring a new federal action based on his unexhausted 2001 grievance.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed August 13, 2007, is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that the motion to dismiss filed by Defendants CMS and Hutchinson (docket # 13) is GRANTED and the motion for summary judgment filed by Defendant West (docket # 28) is also GRANTED.  Plaintiff's motion to strike Defendants' response (docket # 78) is DISMISSED AS MOOT.  Plaintiff's claims are dismissed in their entirety.


Dated:   January 9, 2008              /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      UNITED STATES DISTRICT JUDGE