UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY VANDIVER,

    Plaintiff,

v.

CASE NO. 1:06-CV-547

HON. ROBERT J. JONKER

CORRECTION MEDICAL
SERVICES, INC., *et al.*,

    Defendants.
_____/

## ORDER APPROVING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 110) and Plaintiff's Objections to it (docket # 114). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Report and Recommendation recommends that Defendant's motion for summary judgment (docket # 98) be granted and that the case be dismissed. The Report discusses Plaintiff's

three claims: a violation of the Eighth Amendment, a retaliation claim, and a violation of the Americans with Disabilities Act (ADA). After a de novo review of the record, the Court agrees with the Magistrate Judge that summary judgment should be awarded to Defendant.

## I. BACKGROUND

Plaintiff initially filed his complaint on August 4, 2006. The Court dismissed all of Plaintiff's claims against all Defendants (docket # 80), and Plaintiff appealed. The Court of Appeals affirmed in part, but reinstated three of Plaintiff's claims against Defendant West only, because it found that Plaintiff had exhausted these claims. *Vandiver v. Correctional Med. Servs., Inc., et al.*, 326 Fed. Appx. 885, 891 (6th Cir. 2009). The remaining claims all involve Plaintiff's assertion that Defendant West, a Health Unit Manager, unlawfully refused to arrange a diabetic diet for Plaintiff. Defendant moved for summary judgment on these remaining claims on September 3, 2009, and the Magistrate Judge issued a Report and Recommendation recommending grant of the motion on July 2, 2010. Plaintiff objected on July 30, 2010.

## II. EIGHTH AMENDMENT CLAIM

The Magistrate Judge has two bases for recommending summary judgment for Defendant West on Plaintiff's Eighth Amendment Claim: 1) Defendant West did not have the power to grant or to deny Plaintiff a diabetic diet as he was not Plaintiff's Medical Service Provider; and 2) no reasonable jury could find that Plaintiff spoke with Defendant about his condition on any date other than February 15, 2006, the claimed date of the critical incident. The Court agrees that Defendant West is entitled to summary judgment because he did not have the authority, as Health Unit Manager, to grant or deny Plaintiff a diabetic diet, and further, Defendant West did not show deliberate indifference to Plaintiff's medical condition in any event. Accordingly, it is not necessary to reach the Magistrate's second basis, which is the focus of Plaintiff's objection.

The Magistrate Judge rightly found that Defendant did not have the authority to issue Plaintiff a diabetic diet. All parties agree that Defendant is a Health Unit Manager (HUM) and not a Medical Services Provider (MSP). According to Defendant, only MSPs have the authority to make determinations regarding a prisoner's medical care. Plaintiff does not contest that, but argues in an affidavit that Defendant was not acting as the HUM but as a nurse. (Docket # 103) This statement does not sufficiently cure the problem, since nurses are not necessarily MSPs. Only nurse practitioners qualify as MSPs, and Defendant is a licensed registered nurse. (Docket 29-7) Even if Defendant wanted to prescribe Plaintiff a diabetic diet, he would have been unable to do so. Further, Plaintiff has never asserted that Defendant had a duty to refer Plaintiff to an MSP to determine whether a diabetic diet was necessary.

Moreover, Defendant did not show deliberate indifference to Plaintiff's condition in any event. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). Even accepting Plaintiff's allegations as true, Defendant West did not recklessly disregard Plaintiff's health condition and the risk it posed. *See Estelle*, 429 U.S. at 702-03. Plaintiff's grievance states that Defendant West told him he could control his diet "with moderation of food choices and the proper exercise," that Plaintiff was "self educated already on food choices," and that Defendant told him his diabetes suffered when he ate things like "hostiss [sic] cup cakes." (Docket # 29-4) Defendant states in his affidavit that someone discussed with Plaintiff "diabetic risk reductions within his control at the direction of the Medical Service Provider" in December 2005, which Plaintiff has not disputed. (Docket # 29-7) The record demonstrates that Defendant addressed Plaintiff's concerns and advised him how he could control his diet. Defendant was following the recommendations of the MSP, who determined that Plaintiff could control his diet on

3

his own. Defendant did not "offend 'evolving standards of decency'" by counseling Plaintiff on appropriate food choices as per the recommendation from the MSP. *Estelle*, 429 U.S. at 106.

## III.   FIRST AMENDMENT RETALIATION CLAIM

The Magistrate Judge correctly recommended summary judgment for Defendant West on Plaintiff's retaliation claim, as Plaintiff is unable to show that Defendant had the authority to deny a diabetic diet, the alleged retaliatory action. Plaintiff must prove that he was engaged in a protected activity, that an adverse action was taken against him, and that a causal connection exists between the protected activity and the adverse action. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Even assuming, as the Magistrate Judge did, that Plaintiff can establish the first two elements, he cannot show that any possible denial was caused by Defendant. Defendant did not have the ability to approve or deny a diabetic diet, as he was not an MSP. Thus, Defendant's motivation cannot possibly establish the necessary causal connection in the retaliation context. *See Shehee v. Luttrell*, 199 F.3d 295, 301 (6th Cir. 1999) ("Despite [plaintiff's] contention that [defendants] instigated his firing, these men did not have the ability to terminate [plaintiff] from his commissary position."); *Echlin v. Boland*, 111 Fed. Appx. 415, 417 (6th Cir. 2004). In addition, Plaintiff has not objected to the Magistrate Judge's determination that Plaintiff could not establish a causal connection due to Defendant West's lack of authority regarding medical decisions.

## IV.   ADA CLAIM

Finally, summary judgment should be awarded to Defendant on Plaintiff's ADA claim. The Magistrate Judge's analysis of Plaintiff's claim is correct, in that Plaintiff does not claim discrimination based on his disability, but rather on his race. Plaintiff therefore does not have a cause of action under the ADA. Of course, this finding does not preclude Plaintiff from bringing a

cause of action based on racial discrimination, should he choose to do so after properly exhausting any necessary administrative remedies.

**IT THEREFORE IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed July 2, 2010, is approved and adopted as the opinion of this Court.

**IT IS FURTHER ORDERED** that:

1. The motion for summary judgment filed by Defendant West (docket # 98) is **GRANTED**.

2. For the same reasons the Court dismisses the action, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


Dated:  September 22, 2010         /s/ Robert J. Jonker
                                   ROBERT J. JONKER
                                   UNITED STATES DISTRICT JUDGE